RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12/7/05

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Bacque, et al | Civil Action No. 04-1427 |
| versus | Judge Tucker L. Melançon |
| Chief Chad Leger, et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING AND JUDGMENT

Before the Court is a motion for summary judgment filed by defendants, the City of Scott, the Police Chief of Scott, Chad Leger, Officer Byron Romero, individually and in his official capacity as a police officer for the City of Scott, and Officer David Sonnier, individually and in his official capacity as a police officer for the City of Scott (sometimes referred to as "the City of Scott defendants"). [Rec. Doc. 97].

This action arises from an incident in which Ken Bacque was shot and killed by Officer Byron Romero on May 19, 2004 during an altercation with his father, Larry Bacque, at their place of business in Scott, Louisiana, known as the Horseman Western Store. The decedent's wife and children filed the instant action under 42 U.S.C. § 1983 against Officer Romero and Officer Sonnier, individually and in their official capacity as police officers for the City of Scott, Police Chief Chad Leger, and the City of Scott, and asserted various state law claims against the City of Scott defendants, Larry P. Bacque and Cowboys Western Store & Trailer Sales Inc.

In their motion for summary judgment, the City of Scott defendants move the Court to dismiss all of plaintiffs' claims against them based on "the following material facts and circumstances: (1) Ken Bacque refused to obey the officers' orders

to drop the weapon (Exhibit A, Deposition of Byron Romero; Exhibit B, Deposition of David Sonnier; Exhibit C, Deposition of Larry P. Bacque, Sr.; Exhibit D, Deposition of Perjice Boudreaux; Exhibit E, Deposition of Daniel 'Boone' Hidalgo; Exhibit F, Deposition of David Champagne, Exhibit G, Deposition of Missy Bacque; Exhibit H, Deposition of Richard Bacque; and Exhibit I, Deposition of Tessa Nolen; (2) Ken Bacque stabbed two civilians at the scene, his father and co-defendant, Larry P. Bacque, Sr. and another gentleman, Perjice Boudreaux before deadly force was used (Exhibits A through I); (3) The situation quickly escalated from the time Ken Bacque began stabbing his father and Perjice Boudreaux until the time the fatal shots were fired, with one witness stating that it took less than a couple of minutes (Exhibit D, Deposition of Boudreaux, pp. 16-26; Exhibit E, Deposition of Hidalgo, pp. 27-31; Exhibit G, Deposition of Melissa Bacque, pp. 15-21; Exhibit U, Deposition of Chad Bertrand, pp. 22-23; and Exhibit V, Deposition of Williams Rucks, IV, pp. 35-36; (4) Ken Bacque seriously injured responding police officer Byron Romero, by pushing him to the ground (Exhibits A through I); and (5) Ken Bacque, while still armed, leaned forward towards Officer Romero in an aggressive manner just before Officer Romero fired the fatal shots (Exhibits A through I)." Defendants' Memorandum in Support. Defendants contend that based on the facts of this case, plaintiffs cannot establish a constitutional violation, but even assuming such a violation occurred, Officers Romero and Sonnier are entitled to the defense of qualified immunity. Defendants also contend that plaintiffs offer no proof of a claim against the Chief of Police or the City of Scott under § 1983. Finally, defendants argue that the Court

2.

should also dismiss plaintiffs' state law claims following its reasoning as to the federal claims.

In their opposition to the motion for summary judgment, plaintiffs assert that the depositions of the witnesses to the events in questions as well as the depositions of Officers Romero and Sonnier preclude the Court from granting defendants' motion as to plaintiffs' Constitutional claims as well as to defendants' claims to qualified immunity. Plaintiffs further assert that the unreasonableness of the officers' use of deadly force also precludes summary judgment as to the state law claims. In particular, plaintiffs cite the depositions of several witnesses to the scene who state that Officer Romero was at least ten feet away from Ken Bacque when he shot him; that Bacque was not moving and the knife was at his side when the shots were fired; and that neither officer warned Bacque they would shot if he did not drop his knife. Depositions of Officer Romero; Officer Sonnier; Champagne; Bertrand; Rucks; Boudreaux; Dubois; Ernest; Bertrand. Plaintiffs also rely in the testimony of their policies and procedures expert, George Kirkham, in arguing that Officer Romero used excessive force under the circumstances and was unreasonable in his belief that he was in danger of physical harm at the time of the shooting. Deposition of Kirkham. Plaintiffs further cite Dr. Kirkham's testimony in asserting that the City of Scott and Chief Leger improperly trained its officers in use of deadly force and in handling domestic crises. *Id.*

Based on the evidence before the Court, the parties have each submitted different versions of the relevant facts. A case in such a posture is not properly

disposed of by summary judgment. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the City of Scott, Police Chief Chad Leger, Officer Byron Romero, individually and in his official capacity as a police officer for the City of Scott, and Officer David Sonnier, individually and in his official capacity as a police officer for the City of Scott [Rec. Doc. 97], is DENIED.

Thus done and signed this 6th day of December, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 12/22/05
BY
TO