RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12, 7, 05

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

Bacque, et at

versus

Chief Chad Leger, et al

Civil Action No. 04-1427

Judge Tucker L. Melançon

Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is a *Daubert* Motion And/Or Motion In Limine to Exclude And/Or Otherwise Strike Plaintiffs' Expert, Dr. George L. Kirkham, [Rec. Doc. 87] filed by defendants, the City of Scott, the Police Chief of Scott, Chad Leger, Officer Byron Romero and Officer David Sonnier.

Defendants do not challenge Kirkham's credentials or expertise, rather they contend that some of his statements and/or conclusions "invade the province of the jury [], and/or are irrelevant under U.S. 5th Circuit jurisprudence." *R. 87.* In their opposition to defendants' motion, plaintiffs argue that in *Young v. City of Killeen, Texas*, 775 F.2d 1349 (5th Cir. 1985), a case cited by defendants, the Fifth Circuit noted that Kirkham is "a nationally recognized authority on police procedure, *Young* at 1353, and recognized his testimony as providing a proper basis for the court's decision."

Under the Federal Rules of Evidence, a qualified expert witness may testify "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue...." *Fed. R. Evid. 702.* As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left

for the jury's consideration. *United States v. Heath*, 970 F.2d 1397, 1405 (5th Cir. 1992); *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987) .

Considering defendants' motion in light of Kirkham's expert report and his supplemental report, as well as the applicable law, the Court finds that Kirkham's testimony is admissible. The challenges raised by the defendants are more applicable to the weight to be assigned to Kirkham's testimony and should be left for the jury's consideration.

In the event during the trial, plaintiffs' attorney asks a question or plaintiffs' expert offers an answer that defendants' counsel believes *actually* invades the province of the jury, counsel should lodge an objection and the Court will resolve the issue. Accordingly,

IT IS ORDERED that defendants' *Daubert* Motion And/Or Motion In Limine to Exclude And/Or Otherwise Strike Plaintiffs' Expert, Dr. George L. Kirkham, [Rec. Doc. 87] is DENIED.

Thus done and signed this 6th day of December, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 12/7/05
BY
TO

2.