# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

Bacque, et al                                    Civil Action No. 6:04-1427

versus                                        Judge Tucker L. Melançon

City of Scott, et al                      Magistrate Judge C. Michael Hill

## RULING GRANTING DEFENDANTS' MOTION
## TO EXCLUDE TESTIMONY OF GLENN M. HEBERT
## AND R. DOUGLAS WOMACK, PH.D. [REC. DOC. 155]

Before the Court is defendants' Daubert Motion To Exclude Testimony of

Glenn M. Hebert and R. Douglas Womack, Ph.D. and/or Bar Evidence of Peculiary

Loss [Rec. Doc. 155].  Defendants contend that Hebert's opinions related to the lost

earning capacity of Ken Bacque lack reliability and fail to satisfy the criteria set forth

by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S.

579 (1993); that Womack's testimony, based strictly on the opinions of Hebert as set

forth in his reports, *R. 155, Exh. A, Hebert's 11/14/05 Report; Hebert's 09/18/07

Report,* must likewise be barred.

On December 19, 2007, the Court conducted a hearing on the motion at which

Hebert and Womack testified.  At the conclusion of the hearing, the Court deferred

ruling on the motion and ordered Hebert to file a supplemental report setting out the

basis of each assumption he made in determining Ken Bacque's lost earning capacity

as well as the methodology he used to reach his opinions in arriving at lost earning capacity.  *12/19/07 Transcript, pp. 50-54.*  In response to the Court's order, Hebert filed a report dated January 17, 2008.  *R. 189.*

In a telephone conference conducted March 26, 2008 [Rec. Doc. 194], the Court advised the attorneys for the parties that the defendants' motion would be granted and that written reasons for the Court's decision would follow.  During the telephone conference, the Court misspoke, as is reflected by the Minutes of Court [Rec. Doc. 185] memorializing the telephone conference, when it was stated that Hebert had testified he needed additional documents from plaintiff's attorney to support the opinions in his report.  Hebert's actual testimony at the December 19, 2007 hearing was:

> I told Mr. Speer that I had to have – there needed to be somebody before me to say, look, everything Ms. Bacque told me was going to come to pass, that the building was bought, the contracts, and I was told that evidence was going to be provided, that he had already cut the deal for the building. He was looking to remodel and all the people and all of that. So if that assumption is correct, then I think my numbers are right.

*12/19/07 Transcript, p. 39, ll. 12-19.*

As a result of the limits placed on Hebert's potential testimony by this ruling, the error in the recollection of Hebert's testimony is of no moment.

2.

A district court's decision to admit or exclude the testimony of a proposed expert is reviewed under the abuse of discretion standard. *Wright v. Ford Motor Co.,* 508 F.3d 263, 275 (5th Cir. 2007). Applying this standard, the Fifth Circuit has recognized that district courts are given "wide latitude in determining the admissibility of expert testimony, and the discretion of the trial judge ... will not be disturbed on appeal unless manifestly erroneous." *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227(5th Cir. 2007). In deciding whether to qualify a litigant's expert witness, a district court is guided by the Supreme Court's decision in *Daubert*, and Federal Rule of Evidence 702. *Id*. Since its decision in *Daubert*, the Supreme Court has expanded the Daubert analysis to include non-scientific testimony in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

In *Daubert*, the Supreme Court instructed district courts to function as gatekeepers and permit only reliable and relevant expert testimony to be presented to the jury. *See Daubert*, 509 U.S. at 590-93. District courts must be assured that the proffered witness is qualified to testify by virtue of his "knowledge, skill, experience, training, or education." Fed.R.Evid. 702. However, Federal Rule of Evidence 702 requires that the expert may testify only if "(1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable

principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.*

The district court's chief role when determining the admissibility of expert testimony is that of a "gatekeeper." *Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496, 506 (5th Cir.1999). "The district court's responsibility 'is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Burleson v. Texas Dept. of Criminal Justice,* 393 F.3d 577, 584 (5th Cir. 2004) (quoting *Kumho*, 526 U.S. at 152). "Although mathematical exactness is not required, expert testimony of post-injury earning capacity must be based upon a proper factual foundation." *Albert v. Jordan,* 2007 WL 4403966, *1(W.D.La.,2007)(J. Trimble)(citing *Elock v. Kmart Corp.*, 233 F.3d 734, 754 (3rd Cir.2000)).

Hebert's knowledge, skill, experience, training and education is not at issue. Hebert has testified numerous times over many years in many courts and has been accepted as an expert in vocation rehabilitation in the United District Court for the Western District of Louisiana on frequent occasions. What is at issue in this case is the relevance and reliability of Hebert's conclusions which are based solely on the historical data he stated and testified he had at his disposal in preparing his

4.

reports and his supplemental report, i.e. plaintiff's verbal representations to him at a November 1, 2005 meeting and his reading of portions of plaintiff's deposition testimony given in this litigation.

Hebert's revised report merely states that he based his assumptions as to Ken Bacque's ownership in the Horseman Western Store and Ken Bacque's plans to open his own western store on his review of the August 16, 2005 deposition testimony of Bacque's widow, plaintiff Chiara Bacque, and on his interview with plaintiff on November 1, 2005.  *Id.*  Additionally, Hebert's January 17, 2008 report states without elaboration that his determination as to the amount of Ken Bacque's lost earning capacity was arrived at by his consideration of "the Dictionary of Occupational Titles and O*Net 2000," "the United States Department of Labor, Bureau of Labor Statistics" and "the Federal system []case entitled *Woods vs. Diamond M Drilling*[1]."  *Id.*

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be

---

[1]  Hebert's report does not provide any citation for *"Woods v. Diamond M Drilling."*  The Court is aware of *Wood v. Diamond M. Drilling Co.*, 691 F.2d 1165 (5th Cir. 1982) which the Court presumes is the case referenced.

5.

admissible in evidence. *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Id.*

However, it is the Court's duty as gatekeeper to assure that the expert's testimony is based upon sufficient facts or data, that the testimony is a product of reliable principles and methods and that the witness has applied the principles and methods reliable to the case.

> In some cases ... the source upon which an expert's opinion relies is of such little weight that the jury should not be permitted to receive that opinion. Expert opinion testimony falls into this category when that testimony would not actually assist the jury in arriving at an intelligent and sound verdict. *See* J. Weinstein & M. Berger, *Weinstein's Evidence* § 702[1] (1985) (assistance of trier of fact is central concern of Federal Rules of Evidence regarding opinion witnesses). If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury. Furthermore, its lack of reliable support may render it more prejudicial than probative, making it inadmissible under Fed.R.Evid. 403. *See Barrel of Fun, Inc. v. State Farm Fire & Casualty Co.*, 739 F.2d 1028, 1035 (5th Cir.1984) (evidence admissible under Rule 703 must satisfy Rule 403 which excludes evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury').

*Viterbo*, at 422.

Hebert's testimony from the December 19, 2007 hearing and his supplemental report would not comply with the rigor of *Daubert*, would not assist

6.

the jury in arriving at an intelligent and sound verdict, and would likely result in confusion of the issues and mislead the jury.  As such, Hebert's testimony will be excluded.

At the December 19, 2007 hearing, Womack, plaintiff's tendered expert economist, testified that he relied on the conclusions set out in Hebert's report to form the opinions in his report.  *12/19/07 Transcript, pp. 56-57, ll. 10-15.*  At this juncture, as Hebert's testimony has been excluded,  the testimony of Womack must likewise be excluded.

The Court will deny defendants' motion to the extent that defendants ask the Court to bar any evidence of pecuniary loss.

On or before April 9, 2008, the Court will allow plaintiff yet another opportunity to rehabilitate Hebert as an expert by submitting another report consistent with *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), within the specific parameters set out herein below.

If Hebert generates another report, the sole issue to be addressed and opinion to be rendered is what one with the business background and experience of Ken Bacque might have earned in the labor market in the greater Lafayette metropolitan area.  In reaching any such opinion, Hebert shall state with *specificity* the following:  1) the data upon which he relied to arrive at Ken Bacque's business

7.

background and experience; 2) the source of the data he relied upon to arrive at Ken Bacque's business background and experience; 3) the official government or other professional publications he relied upon in reaching his opinion; 4) the precise data contained in the official government or other professional publications that he relied upon in reaching his opinion i.e. section, page and, if applicable, line number; and 5) the precise formula or methodology that he applied to the data he had from the official government or other publication in arriving at his opinion.  The report shall not contain, nor will Hebert be allowed to testify at trial about what Ken Bacque might have earned had he lived, had he opened a new business similar to the Horseman Western Store, and had that business been successful.

On or before April 9, 2008, whether or not plaintiff attempts to rehabilitate Hebert, plaintiff may submit another report by Womack, based on sufficient facts or data, using the principles and methods generally accepted and used by expert economists, consistent with his testimony at the December 19, 2007 hearing, *12/19/07 Transcript, pp. 56-57*,[2] for consideration by the Court.

---

[2]  It appears from Womack's testimony at the December 19, 2007 hearing, that as an economist, he is fully capable of obtaining the historical and statistical data that would be generated by another report from Hebert, assuming Hebert's new report complied with this ruling.

On or before April 17, 2008, defendants shall file their opposition, if any there be, to the testimony of Hebert and/or Womack, based on any new reports, consistent with this ruling, that either or both may file.  Defendants *shall*, on or before April 17, 2008, file reports of experts that they feel the need to retain, if they feel such need, in the fields of vocational rehabilitation and/or economics.